**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and<br>LABORERS' WELFARE FUND OF THE<br>HEALTH AND WELFARE DEPARTMENT<br>OF THE CONSTRUCTION AND GENERAL<br>LABORERS' DISTRICT COUNCIL OF<br>CHICAGO AND VICINITY, and JAMES S.<br>JORGENSEN, Administrator of the Funds,<br><br>        Plaintiffs,<br><br>  v.<br><br>THOMSEN ELECTRICAL SERVICE, INC.,<br><br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Case No. 11 CV 3313**<br>)<br>)  **Judge William T. Hart**<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR PROVE-UP OF DAMAGES

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively the "Funds"), and James S. Jorgensen, pursuant to Rule 55 of the Federal Rules of Civil

Procedure, by their attorneys, move for Judgment of Damages in Sum Certain against defendant

Thomsen Electrical Service, Inc.  In support of this Motion, plaintiffs, by their attorneys state:

1.      On May 17, 2011, plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the

Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section

301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C.

§1331 alleging that at all material times defendant, Thomsen Electrical Services, Inc. (the

"Company"), has an obligation, arising from a collective bargaining agreement to make contributions

to plaintiffs' Funds, to submit to an audit upon demand and to obtain and maintain a surety bond.

In this Complaint, plaintiffs specifically alleged that defendant failed to report and pay contributions from August 4, 2010 to the present. Plaintiffs requested relief included producing books and records for an audit upon plaintiffs' request.

2.      The Court granted plaintiffs' motion for default and to compel an audit, on July 28, 2011.

3.      Mr. Thomsen agreed to comply with the Court's order, and the Funds performed a payroll audit as required by the Collective Bargaining Agreement.

4.      As established by the Funds' Field Department Director, Jean Mashos, the Funds' auditors from Richard J. Wolf & Company, Inc., reviewed the defendant's records which reflected contributions due to the Funds for the period from August 4, 2010 through August 31, 2011. The audit report of October 26, 2011, reflected principal contributions owed to the Welfare, Pension, Training, LDCLMCC, CAICA, and LECET funds, and for Union dues in the total amount of $2,705.02 (See, Jean Mashos Affidavit, Exhibit A, ¶3; the audit report, Exhibit B).

5.      According to the collective bargaining agreement and the respective Trust Agreements to which the defendant is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) of the unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the LDCLMCC, CAICA and LECET funds, and for Union dues. Additionally, interest is calculated at twelve percent and is owed for all delinquencies. After considering Mr. Thomsen's objections to the audit report, Ms. Mashos agreed to revise down the audit and waive the findings for October of 2010 and January of 2011. However, the Funds refuse to waive 14.5 unreported hours in August of 2010 which amounts to a total of $302.90 in principal contributions, $58.78 in liquidated damages,

and $46.92 in interest. As established by the affidavit of Ms. Mashos, the liquidated damages to the Welfare, Pension and Training funds amount to $56.99, and the liquidated damages to the LDCLMCC, CAICA, and LECET, and for Union dues, amount to $1.79. Interest is due in the amount of $46.92. (See Ms. Mashos affidavit, Ex. A, ¶5). These amounts are further detailed in the summary report Ms. Mashos prepared, after revising the audit report and are attached as Exhibit C.

6.      The cost of the audit billed to the Funds was $600.00, which the defendant is also obligated to pay, based on the respective Trust Agreements to which they are bound. (Ms. Mashos affidavit, Ex. A, ¶6).

7.      On December 20, 2011, by regular United States mail and by email Counsel for the Funds sent Mr. Thomsen a letter demanding that the revised portion of the audit findings be paid immediately. On the same date by telephone conversation, Counsel for the Funds explained to Mr. Thomsen that the Funds did not agree to accept all of his objections.

8.      Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $5,168.75 and $682.00 in costs, which consists of service of process and filing fees. (See, Affidavit of Sara Stewart Schumann, Exhibit D).

**WHEREFORE,** plaintiffs request entry of a judgment against Thomsen Electrical Service, Inc., in a total amount of $6,859.35

                                        Respectfully submitted,

                                        /s/ Sara S. Schumann
                                        One of plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600

Chicago, IL 60606
(312) 364-9400

January 23, 2012